STEPHANIE TAYLOR,[1] Respondent Below, Appellant,
v.
DIVISION OF FAMILY SERVICES, Petitioner Below, Appellee.
No. 482, 2009.
Supreme Court of Delaware.
Submitted: March 8, 2010.
Decided: May 11, 2010.
Before HOLLAND, BERGER and JACOBS, Justice.

ORDER
CAROLYN BERGER, Justice.
This 11th day of May 2010, upon consideration of the appellant's opening brief, her attorney's motion to withdraw, and the respective responses of appellee-Division of Family Services (DFS) and the attorney guardian ad litem appointed by the Family Court, it appears to the Court that:
(1) The appellant, Stephanie Taylor, has appealed the Family Court's July 22, 2009 termination of her parental rights (TPR) in her minor child, nine-year old Nathaniel.[2] On appeal, Taylor's counsel has filed an opening brief and a motion to withdraw pursuant to Supreme Court Rule 26.1.[3] Taylor's counsel submits that she is unable to present a meritorious argument in support of the appeal. Through her counsel, Taylor has submitted several points for this Court's consideration. DFS and the attorney guardian ad litem have moved to affirm the Family Court's judgment.
(2) The record reflects that Taylor has a long history of crack cocaine addiction and has been incarcerated several times as a result. Taylor also has an extensive history with DFS. At the present time, Taylor is caring for only one of her children. In 2007, the Family Court terminated Taylor's parental rights in a younger sibling of Nathaniel. Two other siblings live with relatives.
(3) The record reflects that Nathaniel last lived with Taylor in 2005. In October 2005, Taylor's cousin was granted custody of Nathaniel. When Taylor's cousin could no longer care for Nathaniel, Nathaniel went to live with his aunt, Taylor's sister, and Taylor's cousin was granted leave to rescind custody.
(4) In October 2007, when Taylor's sister could no longer care for Nathaniel, DFS obtained an ex parte order for custody. The Family Court conducted dependency hearings in October 2007 and in March, June and August of 2008. Although aware of the dependency proceedings, Taylor did not respond to DFS' efforts to engage her in treatment or reunification. Nor did Taylor attend any of the hearings. As a result, DFS focused its efforts on reunifying Nathaniel with his aunt, Taylor's sister. Ultimately, however, Taylor's sister decided that she was no longer interested in pursuing guardianship of Nathaniel.
(5) In September 2008, DFS filed a TPR petition to terminate Taylor's parental rights in Nathaniel. A hearing was scheduled in November 2008. At the hearing, Taylor appeared for the first time and requested counsel. Taylor was appointed counsel and the TPR proceeding was rescheduled.
(6) The TPR hearing took place a few hours at a time over the course of seven days beginning in February 2009 and concluding in June 2009. The Family Court heard testimony from Taylor and several DFS workers. The court also heard testimony from three therapists and an educational diagnostician, all of whom described Nathaniel as a troubled child with significant mental health needs.
(7) In Delaware, the statutory standard for terminating parental rights provides for a two-step analysis.[4] First, there must be proof of a statutory basis for termination under title 13, section 1103 of the Delaware Code.[5] "Second, there must be a determination that severing the parental right is in the best interests of the child."[6] Both steps must be established by clear and convincing evidence.[7]
(8) In this case, the Family Court found that there was clear and convincing evidence to terminate Taylor's parental rights on the statutory grounds of Taylor's failure to plan,[8] the involuntary termination of Taylor's parental rights in Nathaniel's sibling,[9] and abandonment.[10] Moreover, after carefully considering each of the best interest factors and making specific factual findings as to each, the Family Court concluded that the termination of Taylor's parental rights was in Nathaniel's best interests.[11]
(9) Our review of the Family Court's decision to terminate parental rights involves consideration of the facts and law as well as the inferences and deductions made by the Family Court.[12] To the extent that the issues on appeal implicate rulings of law, our review is de novo.[13]
(10) On appeal, Taylor contends that she did not receive notice of the dependency hearings and that DFS did not engage in reasonable reunification efforts with her. Taylor's claims are without merit. The record reflects that Taylor was aware of the dependency proceedings but did not respond to DFS' efforts to engage her in treatment or reunification, even after learning from DFS that her sister had decided not to seek guardianship of Nathaniel.
(11) Taylor contends that she made progress on a case plan that she entered into in December 2008. Having reviewed the record, however, the Court agrees with the Family Court that such progress was minimal in comparison to Taylor's monumental failure to maintain employment, to show that she was financially able to care for Nathaniel, to provide appropriate housing, and to develop an understanding of Nathaniel's significant emotional and mental health needs, all of which were major components of the case plan. Moreover, as the Family Court observed, the record reflects that Taylor continued to test positive for drug use at the same time as she was working on the case plan.
(12) Taylor's recent interest in Nathaniel does not, as Taylor contends, demonstrate that she has the ability to provide a stable home for him. Nor does the Court agree with Taylor that her current success in caring for one child at home and her prior willingness to relinquish the care of Nathaniel to her relatives when she was unable to care for him demonstrate to any appreciable degree that she has the ability to care for Nathaniel now or in the foreseeable future.
(13) The Court has carefully reviewed the record in detail, including the transcript of the TPR hearing. We conclude that there is ample evidence in the record legally and factually supporting the Family Court's July 22, 2009 termination of Taylor's parental rights on the statutory bases enumerated in the decision as well as the court's determination that termination of Taylor's parental rights was in Nathaniel's best interests.
NOW, THEREFORE, IT IS ORDERED that the motions to affirm of DFS and the attorney guardian ad litem are GRANTED. The judgment of the Family Court is AFFIRMED. The motion to withdraw is moot.
NOTES
[1] By Order dated June 30, 2009, the Court assigned a pseudonym to the appellant. In this Order we also assigned a pseudonym to the minor child. Del. Supr. Ct. R. 7(d).
[2] The Family Court also terminated the parental rights of Nathaniel's father. Nathaniel's father did not appeal.
[3] See Del. Supr. Ct. R. 26.1 (providing for continuing obligation of appellant's trial counsel in appeal from termination of parental rights).
[4] Shepherd v. Clemens, 752 A.2d 533, 536-37 (Del. 2000).
[5] Id. at 537. See Del. Code Ann. tit. 13, § 1103(a) (2009) (listing grounds for termination of parental rights).
[6] Shepherd v. Clemens, 752 A.2d at 537. See Del. Code Ann. tit. 13, § 722(a) (listing best interest factors).
[7] Powell v. Dep't of Serv. for Children, Youth & Their Families, 963 A.2d 724, 731 (Del. 2008) (citing In re Stevens, 652 A.2d 18, 23 (Del. 1995)).
[8] See Del. Code Ann. tit. 13, § 1103(a)(5) (providing that termination of parental rights may be initiated when it appears that the the parent has failed to plan adequately for the child's physical needs or mental and emotional health and development).
[9] See Del. Code Ann. tit. 13, § 1103(a)(6) (providing that the termination of parental rights may be initiated when "[t]he respondent's parental rights over a sibling of the child who is the subject of the petition have been involuntarily terminated in a prior proceeding.").
[10] See Del. Code Ann. tit. 13, § 1103(a)(2)(b) (providing that termination of parental rights may be initiated if the child has been abandoned based on a finding that the respondent, for a period of at least twelve consecutive months in the eighteen months preceding the filing of the petition, failed to communicate or regularly visit with the minor).
[11] Del. Code Ann. tit. 13, § 722(a).
[12] Wilson v. Div. of Family Serv., 988 A.2d 435, 439-40 (Del. 2010) (citing Powell v. Dep't of Serv. for Children, Youth and Their Families, 963 A.2d 724, 730 (Del. 2008); Solis v. Tea, 468 A.2d 1276, 1279 (Del. 1983)).
[13] Wilson v. Div. of Family Serv., 988 A.2d at 440 (citing Powell v. Dep't of Serv. for Children, Youth and Their Families, 963 A.2d at 730-31); see also In re Heller, 669 A.2d 25, 29 (Del. 1995); Black v. Gray, 540 A.2d 431, 433 (Del. 1988)).